UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br>v.<br><br>Elijah Dontrel Lowe (1),<br>Andre Jamon Hyde (2),<br><br>   Defendants. | Case No. 25-cr-224 (DWF/DTS)<br><br>**ARRAIGNMENT, MOTIONS AND CASE MANAGEMENT ORDER** |

An arraignment hearing was held before United States Magistrate Judge Dulce J. Foster on June 6, 2025. Evan Gilead, Assistant United States Attorney, appeared on behalf of the Government; James Becker, Assistant Federal Public Defender, appeared on behalf of Defendants, who were present.

Defendant Lowe identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty. Defendant Hyde identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty. Pursuant to Local Rule 12.1 (copy attached);

**IT IS HEREBY ORDERED:**

1. The government must make all disclosures required by Fed. R. Crim. P. 16(a) by **June 13, 2025**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, the Government is requested to make by **June 13, 2025**, all disclosures that will be required by Fed. R. Crim. P. 26.2 and 12(h).

2. As required by rule 5(f) of the Rules of Criminal Procedure, the United States is ordered to disclose all exculpatory evidence to the defendants as required by

*Brady v. Maryland* and its progeny. Failure to do so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

3.   Defendants must make all disclosures required by Fed. R. Crim. P. 16(b) by **June 20, 2025**. D. Minn. LR 12.1(a)(2).

4.   A status conference is set for **June 23, 2025** at **2:00 p.m.** in **Courtroom 9W**. Defendants shall be in attendance and the parties should be prepared to discuss the contents of this order and any and all discovery and motion practice. The Court anticipates this conference will last no more than one hour. **If the parties agree that the status conference is unnecessary, the Court will consider canceling the status conference. The parties must notify the Court two days before the status conference and must submit a short Statement of Facts excluding time from the speedy trial clock.**

## CASE MANAGEMENT AND MOTIONS

In the interests of judicial economy and speedy trial considerations the Court addresses certain matters without the need to have the parties file motions on these subjects. The defendants or the government may object to these requirements by filing a Motion to Modify this Order.

**Non-Dispositive Motions**

A.   Discovery

The government shall provide discovery to the defendants and allow inspection as required by Federal Rule of Criminal Procedure 16(a). As provided above, the government must complete such disclosures **on or before June 13, 2025**.

The Federal Rules of Criminal Procedure also place certain discovery burdens on criminal defendants. The defendants shall provide discovery as required by Federal Rule of Criminal Procedure 16 **on or before June 20, 2025**. In addition, Defendants shall provide notice of the Rule 12.1, 12.2 and 12.3 defenses on which they intend to rely **on or before June 27, 2025**.

B. Expert Witnesses

Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C), the Court adopts the following schedule for expert witness disclosures. Because it bears the primary burden of proof, the government shall disclose the written summaries of evidence it intends to offer under Federal Rule of Evidence 702, *et. seq.*, **no later than 28 days ahead of any trial in this matter.** The defendants shall make their expert disclosures **no later than 14 days ahead of any trial in this matter.**

C. Exculpatory Evidence

Pursuant to the Due Process Protections Act, the Court confirms the government's obligation to disclose to the defendants all exculpatory evidence—that is, evidence that favors the defendant or casts doubt on the government's case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and all its progeny.

Within 10 days of the date of this Order the United States shall disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

D. Notice Required Under Federal Rule of Evidence 404(b)

Under Federal rule of Evidence 404(b), "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character," Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose . . . ." Fed. R. Evid. 404(b)(2). The government is required to provide reasonable pretrial notice of such evidence. Fed. R. Evid. 404(b)(2). Accordingly, the government shall disclose any Rule 404(b) evidence that it will seek to introduce **no later than 28 days ahead of any trial in this matter.** If the government believes that evidence at issue might be "intrinsic" to the charged offenses but recognizes that it may present a close call as to whether it is covered by Rule 404(b), the government should include such information in the notice required by this Order so that its admissibility can be addressed ahead of trial, if needed.

E. Jencks Act

The Jencks Act provides for full disclosure of a witness's previous statements following their testimony on direct examination, although it specifies that such documents need not be turned over at an earlier time. 18 U.S.C. §§ 3500(a) and (b). While the Court cannot issue an Order requiring the "early" disclosure of Jencks Act material, *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008), **the parties are ordered to meet and confer on this matter within 10 days of this Order and agree on a date for disclosure of such material**. If the parties are unable to agree on a date for disclosure they shall so inform the Court.

4

F.  Rough Notes

The government is required to instruct any law enforcement agents and any confidential informants to retain and preserve all rough notes taken as part of their investigation. Disclosure of rough notes, however, is not required by this Order.

G.  I.D. Witnesses/Informants

Consistent with *Roviaro v. United States*, 353 U.S. 53 (1957), *United States v. Padilla*, 689 F.2d 372 (8th Cir. 1989) and their progeny, the government shall disclose the identity of any informant who was a material witness to the charged conduct and make any such informant available **no later than 10 days ahead of any trial in this matter**.

H.  Grand Jury Transcripts

Any Grand Jury transcript that are Jencks Act material as to any particular prosecution trial witness will be furnished per the requirements under paragraph E. of this Order.

I.  Trial Matters

The parties should address trial matters such as voir dire and the sequesteration of witnesses with the District Judge.

**Dispositive Motions**

J.  Motions to Suppress Statements

If defendants file a Motion to Suppress Statement, the accompanying memorandum must detail the specific facts and circumstances supporting suppression. Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based . . . ."); *United States v. Quiroz*, 57 F. Supp. 2d 805, 822–23 (D. Minn. 1999), *aff'd sub nom. United States v. Vasquez*, 213 F.3d 425 (8th Cir. 2000) (denying "boilerplate" motion to

suppress for failure to state "specific legal and factual grounds," among other things). Conclusory statements made upon "evidence to be adduced at the Motions Hearing" are not sufficient to provide the Court and opposing counsel notice of the issues.

K.      Motions to Suppress Evidence

(a) Warrant

Reviewing courts must afford "great deference" to the probable cause determination of the judge who issued the warrant and should resolve even "doubtful or marginal cases" in favor of a warrant's validity. *United States v. Butler*, 594 F.3d 955, 962 (8th Cir. 2010) (citation omitted); *see United States v. Ventresca*, 380 U.S. 102, 109 (1965). So long as the issuing judge had a "substantial basis" for concluding the "search would uncover evidence of wrongdoing," this Court must uphold the probable cause determination. *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999).

Any motion to suppress evidence obtained pursuant to a warrant must identify with specificity the reason(s) the warrant should not have issued and identify the legal authority on which the suppression is sought.

(b) Warrantless

Any motion to suppress must specifically identify the item(s) of evidence whose suppression is sought, describe the facts that support the claim that such evidence was unlawfully obtained, and identify the legal authority on which the suppression is sought.

5.      All motions in the above-entitled case must be filed and served consistent with Fed. R. Crim. P. 12(b) and 47 on or before **June 27, 2025**.[1] D. Minn. LR 12.1(c)(1).

---

[1] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).

Counsel is ordered to read and follow the above **CASE MANAGEMENT AND MOTIONS** section.

6. Counsel must electronically file a letter on or before **June 27, 2025**, if no motions will be filed and there is no need for a motions hearing.

7. All responses to motions must be filed by **July 11, 2025.** D. Minn. LR 12.1(c)(2).

8. Any Notice of Intent to Call Witnesses[2] must be filed by **July 11, 2025**. D. Minn. LR 12.1(c)(3)(A).

9. Any Responsive Notice of Intent to Call Witnesses[3] must be filed by **July 15, 2025**. D. Minn. LR 12.1(c)(3)(B).

10. A motions hearing will be held pursuant to Fed. R. Crim. P. 12(c) where:

    a. The Government makes timely disclosures and defendant identifies in the motions particularized matters for which an evidentiary hearing Is necessary; or

    b. Oral argument is requested by either party in its motion, objection, or responsive pleadings.

11. If required, the motions hearing will be heard before Magistrate Judge David T. Schultz on **July 21, 2025** at **10:00 a.m.** in **Courtroom 9W**, 300 South Fourth Street, Minneapolis. D. Minn. LR 12.1(d).

---

[2] "When a party intends to call witnesses at a hearing on a motion under Fed. R. Crim. P. 12(b), the party must file a notice within 35 days after the arraignment. The notice must identify the number of witnesses whom the party intends to call, the motion or motions that each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 12.1(c)(3)(A).

[3] "If after reviewing a notice under LR 12(c)(3), a party intends to call witnesses at the same hearing, that party must file a responsive notice within 38 days after the arraignment. The responsive party must identify the number of witnesses whom the party intends to call, the motion or motions each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 2.1(c)(3)(B).

**TRIAL**

a. **If no pretrial motions are filed by defendant**, the following trial and trial-related dates are:

Voir Dire and Jury Instructions shall be filed with District Judge Donovan W. Frank's chambers on or before **August 1, 2025**.

Trial will commence at 9:00 a.m. on **August 11, 2025** before District Judge Donovan W. Frank in Courtroom 7C, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

b. **If pretrial motions are filed**, the trial date, and other related dates will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Donovan W. Frank to confirm the new trial date.


Dated: June 9, 2025                             __s/ David T. Schultz_____
                                                DAVID T. SCHULTZ
                                                U.S. Magistrate Judge